GEORGE TOWNES GAINES, Guardian, v. CATHERINE WOOD-
VILLE GAINES, et al.

Eastern Section.   February 23, 1929.

Petition for Certiorari denied by Supreme Court, June 6, 1929.

Frank McGhee, Guardian ad litem, of Knoxville, for appellant.
Lee, Price, McDermott & Meek, of Knoxville, for appellees.

PORTRUM, J.   George T. Gaines, as guardian of his two minor daughters, Catherine W. Gaines and Ethel S. Gaines Bruner, filed this bill for the purpose of having a sale of a certain house and lot in the City of Knoxville, belonging to the minors, confirmed by the court to the purchaser, W. M. Fulton, who was acting on behalf of the University of Tennessee and acquiring the land for it, under some philanthropic arrangement unknown to the court. The sale price is the sum of $13,000, which is a liberal price for the property at the present time, and it is to the interest of the minor children of George T. Gaines that the sale be confirmed in the event they own the legal title to the property, and the question of the title is the determinative issue in this suit.

The appellant is not the guardian, or the guardian's wards, and not W. M. Fulton, the purchaser, but is a twelve year old child of Blanche Gaines Doyle and such unborn children as may become contingent owners of the property in question. The guardian ad litem representing this child and such unborn children has appealed to this court, and raises the question that the two minor daughters of George T. Gaines are not the owners of the property in fee but

only have a contingent interest which may terminate upon the death of Blanche Gaines Doyle, leaving the child he represents as her heir.

The property was acquired by Mrs. Doyle from her mother, Mary Winston Gaines, through her will and under the following provisions:

"Six months after my death 'I will and bequeath that Blanche Gaines Doyle is to have possession of house and lot number 1510 joining Duncan property facing Cumberland avenue and extending 200 feet to alley, on condition that said property is not mortgaged or sold—but kept in repair during her lifetime. At her death it is to go to any living heir of her body or grandchildren; if she leaves no living heir of her flesh or body, it is to go to any of her bro.— or sisters, heirs that she thinks needs it most."

It is conceded that the daughter of Mrs. Doyle, Marian W. Powers, has a contingent remainder, and that if she predeceased her mother her child, surviving her, would take the remainder; and that if she has other children they will share in the remainder as owners. However, it is insisted that George T. Gaines, acting for his two daughters, purchased the life estate of his sister, Mrs. Doyle, who had acquired all the contingent interest of every person capable of contracting his interest. It was done in this way. The brothers and sisters of Mrs. Doyle, who would take in event Mrs. Doyle left no descendants, quitclaimed their interest to Mrs. Doyle. Her daughter who owned the immediate expectancy likewise quitclaimed her expectancy to her mother. She was without power and did not attempt to convey the expectancy of her twelve year old daughter or of any other child that she may have. Mrs. Doyle, having acquired these interests by quitclaim deed, then undertook to convey the property to the two minor daughters of George T. Gaines, namely, Catherine W. Gaines and Ethel S. Gaines, for the purchase price of $3500 under an agreement with the guardian (without the advice or confirmation of the court), that she would invest the $3500 in property in the state of New York and hold it in trust in lieu of the property in Knoxville subject to the provisions of the will of her mother and in this way protect the contingencies of any grandchildren who might be entitled to the fee in the Knoxville property at her death.

It is sought in the present bill to ratify this arrangement, since it is frankly admitted by counsel that the purpose of this suit is to clear up the title of Catherine W. Gaines and Ethel S. Gaines Bruner, by wiping out the contingency arising from the fact that the granddaughter may survive her mother and take the property upon the death of her grandmother.

The grandmother is before the court and consents that the court may decree in this case that the $3500 going in the purchase price

of the New York property is a lien upon the property, and that she holds the property in trust, and as a substitute for the Knoxville property in the event that the contingency feared arises. The state of her title in New York is not shown, and the court would hesitate in substituting property in a foreign state for property in this state in the absence of a clear showing that the legal title to the property in New York was in Blanche Gaines Doyle. It is remarkable that the brother and sister would attempt to circumvent the plain provisions of their mother's will by the method adopted in this case. The will expressly provides that Mrs. Doyle is not to mortgage or sell the property and, notwithstanding this provision, the brother, who must have been familiar with the will, undertook to buy the property for his infant children, acting as their guardian and without the sanction of the court. What effect this sale has upon the life estate of Mrs. Doyle in the property does not now arise. Perhaps the breach of the condition forfeited the life estate but did not have the effect of vesting the title in the remainder. This would leave the rents and profits to accumulate during the life of Mrs. Gaines and until the remainder could vest, and at which time the remaindermen may be entitled to the rents and profits since the forfeiture of the estate. These legal questions were not briefed nor presented upon the hearing. They follow as an incident to the determination of the question presented in this court. The adjudication upon them is reserved for a further hearing.

The court is of the opinion that George W. Gaines, guardian, acquired only a contingent interest for his two minor children in the purchase of this property from his sister and that the interest will end in event Mrs. Doyle's daughter predeceases her, leaving children. It follows that the living grand-child and any brothers or sisters she may have own a contingent interest in the remainder which will vest in them in case their mother predeceases their grandmother and they survive the grandmother. And if this happens, the children of George T. Gaines will own no interest in the property.

A court of equity will not ratify an arrangement of the kind carried out by George T. Gaines and his sister, Blanche Gaines Doyle, whereby the contingent interests of the grandchildren are jeopardized. And if the court may have ratified such an arrangement by requiring the taking of title to the New York property in a proper method at the time of the transaction, it will not now ratify the sale of a contingency worth $13,000 for the sum of $3500. To do so would be to take the right of these grandchildren, given them under the will of their great grandmother. Theirs is an interest in property which is now shown to be worth $13,000. The court will not take this from them and give them in substitution an

interest in property in another state, the title and value of which are unknown.

The chancery court has jurisdiction to sell property held under the provision of the will of Mrs. Gaines for reinvestment, the circumstances warranting it, but no pretense is made that George T. Gaines sought the jurisdiction of the chancery court in the purchase of this land, and the act of the parties cannot take the place of the sanction of the court.

It appears that a sale of the property at the sum of $13,000 is an advantageous sale, but that the title to the property is not in any one particular person. The remaindermen are contingent. Therefore, the court would be without authority to distribute the proceeds, for the remaindermen may not yet be in being. But the court could husband the proceeds or reinvest them in such a way as to protect the ultimate remaindermen.

It is shown that Mrs. Marian W. Powers, the daughter of Mrs. Doyle, is only thirty-six years of age, and is in bad health—Mrs. Doyle says she brought about her ill health by a desire and an attempt to have children, so it is seen that the contingency of Mrs. Powers dying before Mrs. Doyle, who is only fifty-eight years of age, is a likely contingency, and that she may have other children is also likely.

It also appears that Catherine W. Gaines and Ethel S. Gaines Bruner are in a position to act for themselves. One of the daughters has reached her majority, and the other was twenty years old at the taking of the deposition. The granddaughter is twelve years of age, and is unable to act for herself or for any unborn brothers and sisters. Her rights need adjudication. The property is shown to be in a run down condition, the revenues being insufficient to pay the taxes and repair the property; and the price offered for the property is a fair and advantageous price.

For these reasons, the judgment of the trial court in sustaining the title of Catherine Gaines and Ethel Bruner, as a title in fee, is reversed, and the case is remanded in order that the purchaser, W. M. Fulton, may renew his offer to take the property at the price mentioned, and that proper pleadings may be filed in the nature of an original or supplemental bill, for a sale for reinvestment of the property, or the safeguarding of the proceeds by the court until the happening of the contingency which will vest the remainder. The question of the forfeiture of the life estate may likewise be litigated in order to determine who is entitled to the rents and profits during the life of Mrs. Doyle.

The costs of the case accruing to date will be paid by the appellee.

Snodgrass and Thompson, JJ., concur.